UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CAROLE ANNA LENCZEWSKI, | : | |
| | : | |
| Plaintiff, | : | C.A. No.   15-cv-01592-CM |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| AMERICAN EXPRESS COMPANY, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

### I.   INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (hereafter, the "TCPA"), and other state law claims.  These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II.   PARTIES

2. Plaintiff Carole Anna Lenczewski is an adult individual who resides in Akron, Ohio.

3. Defendant, American Express Company ("American Express") is a business entity that regularly conducts business in the Southern District of New York and which has a principal place of business at 200 Vesey Street, New York, NY 10285.

### III.   JURISDICTION AND VENUE

4. The matter in controversy here exceeds $75,000.00.

5. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 & 1332, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## IV.     STATEMENT OF FACTS

7.     At all pertinent times hereto, Defendant was collecting a debt purportedly owed to Defendant (hereafter, the "debt").

8.     The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

9.     At all times relevant hereto, Defendant contacted Plaintiff by using an automated telephone dialing system ("ATDS") including but not limited to predictive dialers and/or prerecorded and artificial voice technology to Plaintiff's cellular telephone in an attempt to collect the debt.

10.     In or around September 2014, Defendant began contacting Plaintiff on Plaintiff's cellular telephone in an attempt to collect a debt owed by Plaintiff for an American Express credit card.

11.     Plaintiff never provided her cellular telephone number to Defendant and repeatedly advised Defendant to stop contacting her on her cellular telephone.

12.     Notwithstanding the above, Defendant has repeatedly continued to contact Plaintiff on her cellular telephone by using an ATDS and/or artificial and prerecorded messages in an attempt to collect the debt despite Plaintiff's instructions to cease all further contact with her on her cellular telephone.

13.     Defendant continued contacting Plaintiff on her cellular telephone at least through December 2014 in an attempt to collect the debt despite Plaintiff's admonitions.

14.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

16. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to invasion of privacy, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, and pecuniary loss and will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## V.   CAUSES OF ACTION
### COUNT ONE - TCPA

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times relevant hereto, Defendant used, controlled and/or operated "automatic telephone dialing systems" as defined by §227(a)(1) of the TCPA.

19. Defendant initiated multiple calls to Plaintiff's telephone line using artificial and or prerecorded voices to deliver messages without express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(3) of the TCPA.

20. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent from bona fide error, lawful right, legal defense, legal justification, or legal excuse.

21. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages, and treble damages.

## COUNT TWO – INVASION OF PRIVACY

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. Defendant's conduct, including but not limited to attempting to collect a debt from Plaintiff by using automated dialers and artificial and/or prerecorded messages directed to Plaintiff's cellular telephone despite being repeatedly advised on numerous occasions to discontinue contacting her in this manner, constitutes an invasion of privacy.

24. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## Jury Trial Demand

25. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant, for the following requested relief:

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

E.     Such other and further relief as may be necessary, just and proper.

                                                Respectfully submitted,

                                                Adam G. Singer
                                                **Law Office of Adam G. Singer**
                                                1 Baker Lane
                                                Suffern, NY 10901
                                                asinger2@alumni.law.upenn.edu
                                                212.842.2428
                                                Attorney Bar # AS7294